BILL SMITH, ALIAS ROY MILLER, ALIAS JOYCE SHEPPARD,
v. THE STATE.

No. 11526. Delivered March 14, 1928.

**Murder—Evidence—Held Sufficient.**

The only question presented in this appeal is the sufficiency of the evidence. The evidence disclosed that appellant and deceased, who were riding in a car with another party, engaged in a scuffle; that deceased got out of the car and started around in front. Appellant also got out behind him, and shot deceased in the back. The evidence is amply sufficient to support the verdict.

Appeal from the District Court of Jones County, on a change of venue from Fisher County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder, the punishment death.

This case was tried in Jones County on a change of venue from Fisher County.

Appellant had been arrested by Bob Smith, sheriff of Fisher County, and Jake Owens, deputy sheriff of said county. After the arrest they were proceeding in an automobile to town. The sheriff was driving the car, and Lloyd Conatser, who had been in appellant's home at the time the arrest was effected, was riding on the front seat with the sheriff. Appellant was on the left hand side on the rear seat and on the same seat with him on his right was Jake Owens, the deputy sheriff. The state's testimony shows that while the parties were driving along the road appellant shot the sheriff in the back with a pistol. Whereupon a scuffle ensued between appellant, Conatser and Owens. During the scuffle two shots were fired. After these shots were fired, Owens got out of the car and started around in front of the car. Appellant got out behind him and shot him in the back. The sheriff and deputy were almost instantly killed. After the shooting Conatser and appellant returned to appellant's home, secured appellant's car and with

their wives fled. Appellant was arrested in Kentucky and returned to Texas. The present conviction was for the murder of Jake Owens.

Appellant contended that when he killed Owens he believed his life was in danger.

There were no exceptions to the court's charge and no bills of exception appear in the record. The only question for the determination of this court is the sufficiency of the evidence. The evidence is amply sufficient to support the verdict and the judgment rendered thereon.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.